IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Phyllis Knisley, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-230 |
| Southwest Credit Systems, LP, a Texas limited partnership, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Phyllis Knisley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Phyllis Knisley ("Knisley"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Charter Communications.

4. Defendant, Southwest Credit Systems, LP ("Southwest"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone and/or credit reporting to

1

collect, or attempt to collect, defaulted consumer debts. Southwest operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant Southwest was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Southwest is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Southwest conducts business in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Knisley was unable to pay her debts, including a debt she allegedly owed to Charter Communications. Defendant Southwest attempted to collect this debt from her via negative credit reporting.

8. Unsure about Defendant Southwest, and unsure about the debt, Ms. Knisley consulted with counsel about her debt issues and the debt that Southwest was trying to collect.

9. Accordingly, Ms. Knisley's attorney wrote to Defendant Southwest, via letters dated November 15, 2022, and November 17, 2022, to notify it that Ms. Knisley was represented by counsel, and that she disputed the debt that Southwest was trying to collect. Copies of these letters are attached as Group Exhibit B.

10. These letters were sent via U.S. First Class Mail, postage pre-paid, to Defendant's correct mailing address and were not returned by the Post Office as undeliverable.

11. On March 21, 2023, Ms. Knisley obtained and reviewed a copy of her Experian credit report, which showed that Defendant Southwest had continued to report the debt she allegedly owed to Charter Communications, but had failed to note that the debt was disputed. The pertinent part of Ms. Knisley's Experian credit report is attached as Exhibit C.

12. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

13. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

14. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Knisley, and negatively impacted her credit score.

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

16. Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect debts, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54  (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18.     Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

19.     Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22.     Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect a debt, in violation of § 1692f of the FDCPA.

23.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Phyllis Knisley, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Knisley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Phyllis Knisley, demands trial by jury.

                                                 Phyllis Knisley,

                                                 By: <u>s/ David J. Philipps</u>_____
                                                 One of Plaintiff's Attorneys

Dated:  March 21, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com